UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
NORTHERN DIVISION

| | | |
|---|---|---|
| JAYLEN CLAY | ) | |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | Civil No. _____ |
| | ) | |
| | ) | |
| v. | ) | COMPLAINT FOR |
| | ) | VIOLATIONS OF: |
| TRUSTEES, UNIVERSITY OF | ) | |
| ILLINOIS, | ) | The U.S. Constitution |
| CHAMPAIGN/URBANA, | ) | |
| | ) | Americans with Disabilities |
| | ) | Act, 42 U.S.C. § 12133. |
| | ) | |
| DEFENDANT. | ) | Section 504 of the Rehabilitation Act |
| | ) | of 1973, 29 U.S.C. § 794 et seq. |

**COMPLAINT**

PLAINTIFF, Jalen Clay ("Plaintiff"), by his undersigned attorney, hereby alleges upon information and belief:

**INTRODUCTION**

1. This is an action for declaratory relief and compensatory damages against the Defendants, based on Defendants' discriminatory and retaliatory actions and conduct against Plaintiff a person with a disability, in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*("ADA"), Section 504 of the Rehabilitation Act of 1973, 28 U.S.C. § 794 ("Section 504" or "RA"), (hereinafter, collectively the "Acts"), the due process clause of the Fourteenth Amendment to the United States Constitution, ("Fourteenth Amendment"), Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, et seq., and the common law of the State of Illinois.

2. This action arises from Defendants' intentional violation of the Acts by wrongfully dismissing Plaintiff from his educational program based on his disability. Defendants have further violated Plaintiff's rights to reasonable accommodations under the Acts and by retaliating against him in violation of the Acts.

3. Defendants have also acted in a manner which is arbitrary and capricious in violation of Plaintiff's right to due process under the ADA, the Fourteenth Amendment and the laws of the State of Illinois. As recipients of federal funds, Defendants are subject to Section 504 of the Rehabilitation Act of 1973, which also requires that Defendants afford Plaintiff due process in all matters, including, but not limited to, grievance matters.

4. Due to his disability, Sensory Hearing Loss, Plaintiff has suffered severe discriminatory conduct by the Defendants, which has been carried out by, among others, the official members of the MFA Committee.

5. As a result of these intentional acts, Plaintiff has suffered extreme psychological and emotional distress and cannot reapply to another school to complete his Master's of Fine Arts Degree ("Master's") because his dismissal irreparably harms any chance he would have of being admitted to another school. Therefore, his ability to complete his dance studies has been severely compromised.

6. Plaintiff is a hearing-impaired person who from August 2018 to May 2021, was a student at the University of Illinois, Champaign/Urbana ("Defendant-U of I"), in the Master's dance program.

7. Defendant-U of I, a public university that is located and transacts business in Champaign County, Illinois, within the Northern Division in the District of Illinois, is engaging in a pattern or practice of violating the Constitutional and statutory rights of Plaintiff. Defendants

have deliberately disregarded Plaintiff's disability which violates Plaintiff's rights under the ADA and Section 504 of the RA.

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 42 U.S.C § 12181, as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12101, *et seq.*, 28 U.S.C. § 1332, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794, 42 U.S.C. § 1981 and the United States Constitution, and may exercise jurisdiction over the state law claims through its pendant jurisdiction.

9. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 and The Illinois Human Rights Act, 775 ILCS 5/1-101 and 102. Plaintiff filed with the Illinois Department of Human Rights and received a final order on September 25, 2023, and is filing his complaint timely under 775 ILCS 5/7a102 (d)(3).

10. Venue is proper in this district under 28 U.S.C. §§ 1391(1) and (2) because Defendants conduct and continue to conduct a substantial and significant amount of business in this District, Defendants are subject to personal jurisdiction in this District, and the acts and omissions giving rise to this action occurred in the Northern District of Illinois.

11. Plaintiff is authorized to bring this action pursuant to Title II of the ADA, 42 U.S.C. § 12133. The Court may grant the relief requested pursuant to 28 U.S.C. §§ 2201-2201.

12. Plaintiff is authorized to bring this action pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq.

13. All conditions precedent to the filing of this Complaint under Title II of the ADA have occurred or been performed.

**PARTIES**

14. Plaintiff, at all relevant times, is a resident of Chicago, Illinois. Plaintiff is a hearing-impaired person with a disability, and is therefore a member of a protected class of individuals under the ADA, 42 U.S.C. §§ 12102(1) and (2), and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.,* under the RA, 29 U.S.C. § 701 *et seq.* and the regulations implementing the RA set forth at 34 C.F.R. §§ 104 *et seq.,* and Illinois Human Rights Act, 775 ILCS 5/1-101 and 102.

15. Defendant -U of I s a "public entity" within the meaning of the ADA, 42 U.S.C. § 12131(1), 28 C.F.R. § 35.104, and is therefore subject to Title II of ADA, 42 U.S.C. § 12131.

16. Upon information and belief, Defendant-U of I is and was, at all relevant times herein, chartered or incorporated by, or licensed pursuant to, the Education and/or Business laws of the state of Illinois.

17. Defendant-U of I constitutes a place of public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7)(j), as Defendant-U of I provides to the public educational services. Defendants have acted or failed to act, as alleged herein, under color of law.

18. Upon information and belief, all named Defendants conducts business in the State of Illinois.

19. Plaintiff is a qualified individual with the disability of sensory hearing loss.

20. Plaintiff enrolled in the Master's Program of Fine Arts in the School of Dance, University of Illinois, Champaign/Urbana campus, in 2019.

21. Plaintiff is uncertain of his standing within the Master's Program, and has received no information in this regard from Defendants. Plaintiff is being wrongfully denied his diploma based upon his disability.

**FACTUAL ALLEGATIONS**

**I.    Defendants Failed to Accommodate Plaintiff's Disability**

22. The Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-22 above.

23. Plaintiff, a 27-year old man with sensory hearing loss, is substantially limited in the major life activities of reading, writing, learning, concentrating, attending, executive functioning, and studying.

24. Plaintiff entered Defendant-U of I as a first-year student in the Master's of Fine Arts Program on the Champaign-Urbana campus in the Fall of 2018.

25. In and around the month of September, 2020, Plaintiff notified officials at Defendant-U of I's Division of Disability Resources and Educational Services ("DRES") that he had a disability.

26. Defendant and its agents knew that Plaintiff was disabled, as he presented evidence of the diagnosis of sensory hearing loss to the Defendant and registered with Defendant's DRES department.

27. Defendant indicated it would provide Plaintiff with five accommodations: note-taking software application, regular meetings with professors, digitally recording classes, preferential seating and captions for any video shown in class.

28. Defendant failed to provide these accommodations to Plaintiff, in violation of the ADA and Section 504 of the RA.

29. Defendant discriminate against "qualified individual[s] with a disability" within the meaning of the ADA by administering programs and services in a manner that denies those individuals the opportunity to receive services in the most integrated setting appropriate to their needs.

30. The acts and omissions alleged in the aforementioned paragraphs constitute discrimination in violation of title II of the Americans with Disabilities Act and its implementing regulations, 42 U.S.C. § 12132, 28 C.F.R. § 35.130(d) and Section 504 of the RA, 29 U.S.C. § 794 et seq.

**II.     Harm to Plaintiff**

31. As part of his Master's Program, Plaintiff was required to present a Thesis, which consisted of a written paper, dance performance, and oral dissertation. Plaintiff first submitted his oral and written Thesis on or around April 2021, having had only a few of the required accommodations promised by Defendant.

32. Due to this lack of accommodations, Plaintiff did not receive a passing grade on the first thesis.

33. The MFA Committee consisted of Tere O'Connor, Lisa Dixon, Aby Zbikowski, and Jan Erkert and all participated in grading his first Thesis.

34. Plaintiff resubmitted the thesis in 2022 and did not receive a passing grade on this resubmission.

35. The second MFA Committee consisted of Tere O'Conner, Lisa Dixon, and Sara Hook.

36. On or about April 2020, members of the MFA Committee violated Plaintiff's rights when he/she asked Plaintiff for medical records to prove his disability, which was already known to Defendants.

37. Defendant retaliated against Plaintiff when he reported this violation by the MFA's Committee.

38. Defendant has not provided Plaintiff with appropriate accommodations to complete his Thesis successfully.

39. Plaintiff has not received his diploma and his status as a Master's Degree recipient remains unresolved.

40. Defendant failed to provide Plaintiff appropriate accommodations to date, and should allow Plaintiff to resubmit his Thesis, after providing the proper accommodations, during the next Thesis presentation date.

## FIRST CLAIM FOR RELIEF

### Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181 et seq.

41. Plaintiff incorporates by reference each and every allegation of the preceding paragraphs as if fully set forth herein.

42. Section 302(a) of Title III of the ADA, 42 U.S.C. §§ 12101 *et seq*. provides:

> "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns . . . or operates a place of public accommodation." 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

43. Defendants operate an "undergraduate, or postgraduate private school, or other place of education," which is a place of public accommodation pursuant to 42 U.S.C. § 12181(7)(J).

7

44. Under Section 302(b) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. Sec. 12182(b)(1)(A)(i).

45. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things:

> [A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden. 42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).

46. Defendant has engaged in intentional illegal disability discrimination against Plaintiff, as defined by Title III, including without limitation:

> • utilizing methods of administration (i) that have the effect of discriminating on the basis of disability; or (ii) that perpetuate the discrimination of others who are subject to common administrative control;
>
> • failing to make reasonable modifications in policies, practices or procedures where necessary to afford its services, privileges, advantages or accommodations to Plaintiff as a hearing-impaired person.

47. Defendants have violated Title III by, without limitation, failing to provide Plaintiff with appropriate accommodations, thereby denying Plaintiff, as a deaf and hard of hearing person, proper access to an education.

48. Defendants have further violated Title III by, without limitation, utilizing administrative methods, practices and policies that allowed the MFA Committee to discriminate against Plaintiff.

49. Defendants' ongoing and continuing violations of Title III have caused, and will continue to cause, harm to the Plaintiff, as he was denied the benefits of the services, programs, and/or activities of Defendant.

50. Defendants' actions caused Plaintiff to lose employment opportunities that had been offered to him because Defendants' improperly gave Plaintiff a failing grade on his Thesis.

51. Under 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated herein, Plaintiff requests relief as set forth below.

## SECOND CLAIM FOR RELIEF

*VIOLATIONS OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND THE CONSTITUTION OF THE STATE OF ILLINOIS*

52. Plaintiff incorporates by reference each and every allegation of the preceding paragraphs as it fully set forth herein.

53. Defendant's decision to dismiss Plaintiff from his educational program was arbitrary and capricious.

54. Defendant did not base their opinions on any relevant expertise, a published rubric or other standardized measures.

55. At no time did the Defendant offer any evidence supporting their decisions.

56. Defendant denied Plaintiff due process by failing to consider Plaintiff's unique disability when evaluating his Thesis and failing to accommodate Plaintiff in a manner that would allow Plaintiff to successfully complete the MFA program.

9

57. Defendant denied Plaintiff due process by not presenting Plaintiff with any policies or procedures that would allow Plaintiff an opportunity to appeal the MFA Committee's decision.

58. Defendant denied Plaintiff due process by denying him any sort of hearing, information or substantive basis for dismissing Plaintiff from the MFA program.

59. As a result of Defendant's deprivation of Plaintiff's constitutional rights, Plaintiff has suffered extreme anxiety, humiliation, harassment, discrimination and retaliation.

## THIRD CLAIM FOR RELIEF

**Violations of Section 504 of the Rehabilitation Act of 1973,
29 U.S.C. § 794 et seq.**

60. Plaintiff incorporates by reference each and every allegation of the preceding paragraphs as it fully set forth herein.

61. Section 504 of the Rehabilitation Act of 1973 provides in pertinent part:

"No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . ." 29 U.S.C. § 794(a).

62. Defendant-U of I is a recipient of federal financial assistance sufficient to invoke the coverage of Section 504, and has received such federal financial assistance at all times relevant to the claims asserted in this Complaint.

63. The RA defines "program or activity" to "mean[] all of the operations of . . . a college, university, or other postsecondary institution." 29 U.S.C. § 794(b)(2)(A); 34 C.F.R. § 104.3(k). Defendant-U of I is a "college, university, or other postsecondary institution." 29

U.S.C. § 794(b)(2)(A); 34 C.F.R. § 104.3(k). Defendant's Masters Program is a "program or activity" within the meaning of the RA.

64. 29 U.S.C. § 794(b) defines "program or activity" as "all operations of...(2)(A) a college, university, or other postsecondary institution, or a public system of education; or (B) a local educational agency..., system of career and technical education, or other school system."

65. Defendant has engaged in illegal disability discrimination, as defined by the RA including without limitation:

- failing to make reasonable modifications in policies, practices or procedures where necessary to afford its services, privileges, advantages or accommodations to deaf or hard of hearing persons.

66. Defendant has violated the RA by, without limitation, failing to provide appropriate accommodations for Plaintiff.

67. Defendant has further violated the RA by, without limitation, utilizing administrative methods, practices and policies that allow its staff to disregard accommodations in place for Plaintiff.

68. Defendant's violations of Section 504 of the RA were intentional or conducted with deliberate indifference.

69. Defendant's ongoing and continuing violations of Section 504 have caused harm to the Plaintiff, as he was denied the benefits of the services, programs, and/or activities of Defendant.

**FOURTH CLAIM FOR RELIEF**

**Discrimination on the Basis of National Origin**

11

**Title VI of the Civil Rights Act of 1964**

70. Plaintiff incorporates by reference each and every allegation of the preceding paragraphs as if fully set forth herein.

71. Title VI prohibits discrimination based on "race, color,

or national origin …under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.

72. Plaintiff was subjected to discrimination and unfair treatment while a student at the University.

73. Plaintiff complained about discrimination while he was a student at the University on or around August 2020 to Office of Access and Equity (OAE).

74. Incidents included that his advisor made racially related slurs and comments and disability related comments made by his professor. He also requested a new advisor at that time.

75. The University's representatives discriminated against Plaintiff on the basis of his race in violation of Title VI of the Civil Rights Act of 1964, by denying him the same opportunities, terms, conditions, and privileges of students who were not African-American, including but not limited to, denying Plaintiff access to certain University personnel, utilizing non-standard and unfair grading practices, bias based upon the topic and theme of Plaintiff's Thesis project, and failing to provide Plaintiff with means and methods of appealing the University's decision to dismiss him as a student.

76. As a direct and proximate result of the University's unlawful and discriminatory conduct in violation of Title VI of the Civil Rights Act of 1964, Plaintiff has suffered and continue to suffer severe anguish and emotional distress, including but not limited to, humiliation, embarrassment,

stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

77. The University's unlawful and discriminatory conduct in violation of Title VI was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of damages.

## FIFTH CLAIM FOR RELIEF

### Retaliation in Violation of the ADA and Section 504

78. Plaintiff incorporates by reference each and every allegation of the preceding paragraphs as it fully set forth herein.

79. Section 504 incorporates the anti-retaliation provision of Title VI of the Civil Rights Act of 1964, which "prohibits recipients [of federal funding] from intimidating, coercing, or discriminating against any individual for the purpose of interfering with any right or privilege…or because he has made a complaint, testified, assisted, or participated in any manner in an investigation proceeding or hearing under this part." 34 C.F.R. Sec. 104.61.

80. Title II of the Americans with Disabilities Act -- 28 CFR 35.134 provides:

> (a) No private or public entity shall discriminate against any individual because that individual has opposed any act or practice made unlawful by this part, or because that individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the Act or this part.
>
> (b) No private or public entity shall coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by the Act or this part.

81. Plaintiff engaged in a protected activity by reporting Defendants' failure to provide appropriate accommodations to the DRES Advisor, Tina Cowsert.

13

82. Plaintiff engaged in a protected activity by reporting Defendant's MFA Committee's improper request to Plaintiff that he provide the MFA Committee with medical records relating to his disability to the DRES Advisor, Kathleen Spinoza.

83. After reporting these activities to DRES Department Head, Kathleen Spinoza, Defendant issued a new, written request for medical records to Plaintiff.

84. Plaintiff suffered a material adverse action after reporting Defendant's failure to provide appropriate accommodations and improper request for medical records when Defendant issued a failing grade to Plaintiff on his Thesis for the second time.

85. There was no legitimate, nondiscriminatory factual reason for the retaliation imposed upon Plaintiff by Defendant.

## SIXTH CLAIM FOR RELIEF

86. Plaintiff incorporates by reference each and every allegation of the preceding paragraphs as if fully set forth herein.

87. Section 5-101 and 5-102 of the Illinois Human Rights Act provides:

It is a civil rights violation under the Act "for any person on the basis of unlawful discrimination to…[d]eny or refuse to another the full and equal enjoyment of the facilities, goods, and services of any public place of accommodation." 775 ILCS 5/5-102(A).

88. Defendant has engaged in intentional illegal disability discrimination against Plaintiff, as defined by Title III, including without limitation:

- utilizing methods of administration (i) that have the effect of discriminating on the basis of disability; or (ii) that perpetuate the discrimination of others who are subject to common administrative control;

- failing to make reasonable modifications in policies, practices or procedures where necessary to afford its services, privileges, advantages or accommodations to Plaintiff as a hearing-impaired person.

89. Defendants failed to provide Plaintiff with appropriate accommodations, thereby denying Plaintiff, as a deaf and hard of hearing person, proper access to an education and denied him the full and equal enjoyment of services and certain facilities such as the writing lab.

90. Defendants have further violated the Act by, without limitation, utilizing administrative methods, practices and policies that allowed the MFA Committee to discriminate against Plaintiff.

91. Defendants' ongoing and continuing violations of the Act have caused, and will continue to cause, harm to the Plaintiff, as he was denied the benefits of the services, programs, and/or activities of Defendant.

92. Defendants' actions caused Plaintiff to lose employment opportunities that had been offered to him because Defendants' improperly gave Plaintiff a failing grade on his Thesis.

93. Plaintiff requests relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court will:

a. Declare that the acts, omissions, and practices set forth in paragraphs 1 through 93 above constitute a pattern or practice of resistance to the Plaintiff's full enjoyment of rights, privileges, or immunities secured or protected by the Constitution or laws of Illinois and the United States, and that those acts, omissions, and practices violate the Constitution and laws of the United States; and

b. Declare that Defendants' conduct as alleged herein has violated, and continues to violate, Section 504 of the Rehabilitation Act of 1973, Title III of the Americans with Disabilities Act of 1990, Illinois Human Rights Act and the regulations promulgated under those statutes;

c. Issue an Order directing Defendants allow Plaintiff to resubmit his Thesis after receiving a proper rubric indicating the standards and expectations for the Thesis to obtain a passing grade;

d. Compensatory damages in an amount to be determined by proof, including all applicable statutory damages and fines, to Plaintiff for violations of his

civil rights under The Rehabilitation Act of 1973, The Illinois Human Rights Act, 775 ILCS 5/1-101 and 102;

e. An award of damages in an amount to be determined at trial, plus prejudgement interest, to compensate Plaintiff for harm to his professional and personal reputations and loss of career advancement;

f. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate for all monetary and/or economic harm to Plaintiff,

g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

DATED: December 22, 2023

Respectfully submitted,

/s/ Chiquita Hall-Jackson
Bar Admission No: 6312976
180 W. Washington St.
Suite 820
Chicago, IL 60602
312-255-7105
chj@hall-jacksonandassociates.com